**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JOSHUA JIMENEZ,

Plaintiff,

v.

C. LOPEZ, et al.,

Defendants.

No. 2:26-cv-2894-ICD-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants

which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Joshua Jimenez is incarcerated at Mule Creek State Prison (MCSP) and names the following MCSP Correctional Officers as defendants: (1) C. Lopez, (2) A. Cisneros, (3) D. Maloney, (4) M. Silva, (5) J. Xiong, and (6) Williams. ECF No. 1, pp. 2-3. Plaintiff asserts three claims.

Plaintiff first alleges violations of his First, Fourth, Eighth, and Fourteenth Amendment rights due to retaliation by Correctional Officers against Plaintiff. On May 4, 2025, Correctional Officers "mistakenly assumed plaintiff incited a riot." Id. at 4. Plaintiff was thus rehoused in another unit of the facility and Defendant Cisneros "rolled plaintiffs [sic] personal property up & took control/custody of all plaintiffs [sic] personal property and also his medical DME property." Id. Plaintiff lists his unspecified medical property, a television, photos of his deceased daughter, and other unspecified property as confiscated and never returned, except for his medical property which was returned "months" later. Id. Plaintiff claims that Defendant Cisneros seized his property in retaliation for Plaintiff's alleged role in a riot. Id.

Second, Plaintiff asserts violations of his First, Fourth, Eighth, and Fourteenth Amendment rights because his property was confiscated by Defendant Cisneros. Id. at 7. Plaintiff relies on the facts set forth in his first claim. When Plaintiff was rehoused in another unit at MCSP, several items were confiscated by Defendant Cisneros. Id. Plaintiff lists his glasses, hearing aids, knee brace, and shoes as confiscated items which he was without for several months. Id. Defendant Cisneros was responsible for the custody of his personal items during the transfer and, despite being disabled, Plaintiff had only his cane, and not his other medical equipment, for months after his transfer. Id. Defendant Cisneros "stated she would make sure [he] wouldn't get [his] property back due to [his] involvement with staff in an incident 5-4-2025." Id. All of Plaintiff's "602s [inmate grievances] were denied, which is another form of retaliation." Id. Plaintiff was injured due to the expense incurred to replace lost property, mental anguish due to

the loss of the photographs of his deceased daughter, and physical and mental difficulties due to the confiscation of his glasses and hearing aids. Id.

Third, Plaintiff asserts violations of his First, Fourth, Eighth, and Fourteenth Amendment rights because of excessive use of force by Defendants Cisneros, Lopez, Maloney, Williams, Xiong, and Silva. Id. at 8. Plaintiff does not specifically mention Maloney, Xiong, or Silva, but claims all "named officers" took part in the beating which forms the basis for his claim. See id. at 5. On July 11, 2025, Defendant Williams, whom Plaintiff identifies as "short man," "forcefully" handcuffed Plaintiff behind his back despite Plaintiff's protests that he had "special cuffing restrictions" due to prior surgeries and mobility impairments. Id. Defendant officer was aware of these restrictions. Id. Plaintiff claims he was crying out due to the extreme pain he was suffering when Defendant Lopez arrived and grabbed him by his neck. Id. Defendant Cisneros was at the scene and "kept telling [Plaintiff]: 'you'll see – you'll see.'" Id. Defendant Lopez "swung [him] around" and Plaintiff dropped his cane, and while stumbling, was "thrown to ground face first purposely" breaking Plaintiff's orbital socket and finger and giving him a concussion Id. at 8-9. Plaintiff suffers "serious P.T.S.D." due to the incident. Id. Plaintiff further contends Defendants Lopez and Cisneros shouted at him that he was "being taught a lesson not to incite any riot again like the 5-4-2025 incident." Id.

## II. DISCUSSION

Plaintiff initiates retaliation, due process, and excessive force claims. While Plaintiff has alleged a cognizable excessive force claim against Defendants Williams, Cisneros, and Lopez, his excessive force claim against the other named defendants, as well as his retaliation and due process claims, fail for the reasons discussed below. Plaintiff will be provided an opportunity to amend.

### A. Retaliation

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the plaintiff must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard,

the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568.

Here, the complaint alleges that the Defendant Officers violated Plaintiff's First Amendment rights by retaliating against him because they believed he had incited a riot. ECF No. 1, p. 4. Prisoners' First Amendment rights are "subject to rational limitations in the face of legitimate security interests of the penal institution," and Plaintiff cannot claim inciting a riot is protected conduct within a penal institution. See Strandberg v. Helena, 791 F.2d 744, 747 (9th Cir. 1986) (quoting Hutchings v. Corum, 501 F.Supp. 1276, 1296 (W.D. Mo. 1980)). Accordingly, Plaintiff fails to allege a cognizable claim for retaliation.tiff fails to allege a claim for Retaliation.

**B. Due Process**

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Due process protects against the deprivation of property where there is a legitimate claim of entitlement to the property. See Bd. of Regents, 408 U.S. at 577. Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source – such as state law – and which secure certain benefits and support claims of entitlement to those benefits. See id.

Where a prisoner alleges the deprivation of a liberty or property interest caused by the random and unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983. See Hudson, 468 U.S. at 531 n.11. An available state common law tort claim procedure to recover the value of property is an adequate remedy. See id. at 128-29. California law provides an adequate post-deprivation remedy and Plaintiff's Due Process claim is thus not cognizable under 42 U.S.C. § 1983. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Here, Plaintiff alleges the unauthorized confiscation of his personal property. Because California provided an adequate post-deprivation remedy by way of the state tort claims process, the Due Process claim is not cognizable in the instant action.

C. **Excessive Force**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

When prison officials stand accused of using excessive force, the core judicial inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992);

Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. See Whitley, 475 U.S. at 320-21. In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. See Hudson, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). The lack of injuries is also probative. See Hudson, 503 U.S. at 7-9. Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321-22.

Here, the Court finds that Plaintiff properly pleads an excessive use of force claim against Defendant Officers Williams, Cisernos, and Lopez because the three officers forcefully bound his hands in violation of Plaintiff's cuffing restrictions and threw him to the ground, breaking several bones, and causing Plaintiff significant mental trauma. ECF No. 1, p. 8.

Plaintiff's excessive force complaint against Defendant Officers Maloney, Silva, and Xiong, however, fails because he does not allege specific acts by any of these officers. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673

F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff specifically states that Defendants Cisneros, Lopez, and Williams beat him and the actions which they each took. ECF No. 1, p. 5. The only mention of Defendants Maloney, Silva, and Xiong occurs in the statement that "on 7-11-25 c/o Cisneros initiated the attack on me which all named officers took part in." Id. Plaintiff does not state that Defendants Maloney, Silva, and Xiong committed affirmative acts or how each officer participated in Cisneros, Lopez, and Williams' affirmative acts. Id. Plaintiff will be provided leave to amend to add additional factual allegations as to Defendants Maloney, Silva, and Xiong, consistent with the legal principles outlined above.

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend with respect to the Excessive Force Claim. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and

recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: September 22, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE